The Honorable John H. Chun

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANTONIO BRUGNOLI-BASKIN,<br><br>Defendant. | NO. CR22-189 JHC<br><br>GOVERNMENT'S SENTENCING MEMORANDUM |

The United States of America, by and through Teal Luthy Miller, Acting United States Attorney for the Western District of Washington, and Laura Harmon, Special Assistant United States Attorney for said District, respectfully submits this Sentencing Memorandum in the above-captioned case.

Antonio Brugnoli-Baskin is before the Court for sentencing following his plea of guilty to Count 2, Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(4) and § 2252(b)(2). The United States will be dismissing Count 1 at sentencing. Sentencing is scheduled for June 16, 2025, at 9:00 a.m.

For the reasons that follow, the Court should impose 6 years of incarceration, followed by 20 years of supervised release. It is appropriate in light of Mr. Brugnoli-Baskin's criminal conduct in this case after he abused the trust of the families that

SENTENCING MEMORANDUM – 1
*United States v. Brugnoli-Baskin* – CR22-189 JHC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

entrusted him to care for their children, his collection of child sexual abuse material, and the numerous positions he sought and undertook to have close proximity to children knowing his sexual interests.

I. FACTUAL AND PROCEDURAL BACKGROUND

This case began as a CyberTip from Google when Mr. Brugnoli-Baskin uploaded approximately 129 depictions of child sexual abuse to his account. Seattle Police Department executed a series of search warrants culminating in Mr. Brugnoli-Baskin's arrest and seizure of his devices. While searching those devices, detectives found lascivious display imagery that he had produced of children whom he had access to.

Law enforcement discovered that Mr. Brugnoli-Baskin sought out and held jobs in close proximity and control over children. He advertised himself as having a strong childcare resume on Care.com, an online platform for connecting care providers with customers. He worked as a lifeguard with Seattle Parks and Recreation since approximately 2018 and as a ski instructor at Snoqualmie Pass Although Brugnoli-Baskin claims he instructed both adults and children as a ski instructor, records recovered in the residential search warrant show documents he kept from this job, including names and ages of participants, who were all between ages of 7 and 10 while he worked for Snoqualmie Pass. He also was actively seeking jobs as a babysitter and nanny on the internet as well as in the Magnolia community.

Mr. Brugnoli-Baskin was arrested and initially charged in the King County Superior Court on October 10, 2022. A complaint was filed in this District on October 21, 2022 and he was indicted on November 2, 2022, on Count 1, Production of Child Pornography and Count 2, Possession of Child Pornography. On March 20, 2025, Mr. Brugnoli-Baskin plead guilty to Count pursuant to the filed Plea Agreement.

SENTENCING MEMORANDUM – 2
*United States v. Brugnoli-Baskin* – CR22-189 JHC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## II. GUIDELINES CALCULATIONS

The government concurs with the U.S. Probation Office calculation of the offense level (see PSR at ¶¶ 29–40), with the addition of the three-level variance for acceptance of responsibility. The government's calculations are as follows for each count:

| | | |
|---|---|---|
| Base Offense Level | 32 | USSG § 2G2.1(a) |
| Minor under 12 | +4 | USSG § 2G2.1(b)(1) |
| Infant/Toddler | +4 | USSG § 2G2.1(b)(4)(B) |
| Parent, Relative, Caregiver | +2 | USSG § 2G2.2(b)(5) |
| Acceptance of Responsibility | -3 | USSG § 3E1.1(a), (b) |
| **Total** | **39** | |

Because Mr. Brugnoli-Baskin has no prior criminal history, he has a criminal history category of I. Based on that as well as the above offense level, his guidelines range is calculated at **262 to 327 months** (approximately 21.8-27.25 years).

## III. SENTENCING RECOMMENDATION

The Government's sentencing recommendation of 6 years is sufficient, but not more than necessary to comply with the purposes set forth in § 3553(a) for the reasons outlined herein.

### A. Term of Imprisonment

### 1. The Nature and Circumstances of the Offense

Despite having a clear and intense sexual interest in minors, Mr. Brugnoli-Baskin went out of his way to seek employment that put him not only in contact with children but in supervisory roles over them where he could be alone with them. He betrayed the trust of the children and their families by taking the lascivious display images of children in his care. He acted on his own sexual impulses rather than taking account of the effects

SENTENCING MEMORANDUM – 3
*United States v. Brugnoli-Baskin* – CR22-189 JHC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

on others. In doing so, he has demonstrated a difficulty with conforming his actions to the law.

Furthermore, he possessed a large collection of child sexual abuse depictions he apparently gleaned from the internet. Each of these children are being abused and suffer mental and emotional damage as a result of this knowledge, as evidenced by the numerous victim impact statements submitted to the Court. These are the effects on the victims that are completely distinct from the effects of the original sexual abuse displayed in the images; the continued circulation of those images ravages victims' lives long after the abuse has ended. In light of the defendant's conduct, a 6-year term, is appropriate.

**2.       The History and Characteristics of the Defendant**

The government's recommendation of 6 years is substantially below the guidelines range of 262 to 327 months. This recommendation accounts for Mr. Brugnoli-Baskin's mental health issues, including his autism diagnosis, and his upbringing and personal history. As the Ninth Circuit recently noted, considering a defendant's status as transgender, autistic, and suffering prior trauma are proper considerations at sentencing, but they cannot be the sole basis for a chosen sentence. *United States v. Thompson*, 130 F.4th 1158 (2025)(reversing the district court's sentence as substantively unreasonable). The United States recognized these mitigating factors and agreed to a resolution that allowed for a sentence below what would have been a fifteen-year mandatory minimum.

**3.       Promoting Respect for the Law, Providing Just Punishment, and Affording Adequate Deterrence to Criminal Conduct**

This recommended sentence is the shortest sentence necessary to impress upon Mr. Brugnoli-Baskin and others the seriousness of his offense and to deter future similar conduct. That sentence is not too harsh, as it is far below the low end of the guidelines

SENTENCING MEMORANDUM – 4
*United States v. Brugnoli-Baskin* – CR22-189 JHC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

range—a range that already incorporates the government's request for a 3-point variance in his favor due to his acceptance of responsibility. It also acknowledges the pain and future trauma felt by the victims whose images Mr. Brugnoli-Baskin obtained, fantasized about, and masturbated to.

### 4. Avoiding Unwarranted Sentencing Disparity

The above recommendation is commensurate with similarly situated individuals before this Court. The government's recommendation is warranted based upon the facts of this case and with thoughtful consideration given to the defendant's history, personal characteristics, risk to the community, and sexualization of children known and unknown to him as well as collection and distribution of such imagery. As noted by defense, the cases it cites as similar to its requested sentence were not amendments or plea agreements that began as production of child sexual abuse imagery cases.

The government has taken all of the foregoing into consideration in arriving at its recommendation.

## B. Supervised Release

The parties and probation are in agreement for a period of supervised release for 20 years. Such a term of supervised release would allow U.S. Probation to properly and consistently supervise him and ensure he is not further tempted to seek positions with children and refrain from seeking out and utilizing this imagery. It would also allow Mr. Brugnoli-Baskin access to services and resources that may not otherwise be known or available to him after his release from custody. Certainly, the goal of all parties is to ensure Mr. Brugnoli-Baskin is not back before this Court or any other court again.

Given Mr. Brugnoli-Baskin's conduct, it is important that the U.S. Probation Office maintain supervision over the defendant—and have the authority to search his

SENTENCING MEMORANDUM – 5
*United States v. Brugnoli-Baskin* – CR22-189 JHC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

electronic devices, as necessary—following his release to ensure that he is not accessing this type of material or engage in the above-mentioned exchange and distribution of imagery. The government agrees with the special conditions recommended by the Probation Office.

C.  **Fines and Assessments**

The Court must order the $100 special assessment required. If the Court makes a finding that Mr. Brugnoli-Baskin is indigent, the Court need not order the $5,000 penalty assessment under the Justice for Victims of Trafficking Act of 2015. *See* 18 U.S.C. § 3014(a)(3) (imposing such an assessment for all non-indigent persons convicted under Chapter 110 of Title 18, which Chapter includes Section 2252).

D.  **Restitution**

Below is a summary of the restitution requests in this case:

| Series Name | Requested Amount |
| --- | --- |
| 2crazygurls | $5,000 |
| Angela | $5,000 |
| AprilBlonde | $5,000 |
| AtSchool | $10,000 |
| BestNecklace | $7,500 |
| BluePillow1 | $5,000 |
| Jan_Socks1 | $23,694.12 |
| JBNFlowers1 | $5,000 |
| JBNFlowers2 | $5,000 |
| Jenny | $10,000 |

SENTENCING MEMORANDUM – 6
*United States v. Brugnoli-Baskin* – CR22-189 JHC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

| | |
|---|---|
| Lexie | $5,000 |
| Marineland1 | $10,000 |
| PD11 | $6,000 |
| RedGlassesCry | $5,000 |
| Sweet Purple Sugar | $5,000 |
| Sweet White Sugar | $5,000 |
| Tara | $10,000 |
| Teal&PinkPrincess2 | $10,000 |
| TubTime1 | $3,000 |
| TubTime2 | $3,000 |
| Vicky | $10,000 |
| ZooFamily1 | $3,000 |
| TOTAL: | $154,194.12 |

IV. CONCLUSION

The government therefore respectfully recommends the Court impose a sentence of 6 years of imprisonment on Count 2, followed by 20 years of supervised release. This sentence takes into consideration the defendant's conduct, his acceptance of responsibility and personal characteristics and history, and the need for the sentence to provide just punishment and promote respect for the law.

DATED this 9th day of June, 2025.

Respectfully submitted,

TEAL LUTHY MILLER
Acting United States Attorney

*s/ Laura Harmon*
Laura Harmon
Special Assistant United States Attorney

SENTENCING MEMORANDUM – 7
*United States v. Brugnoli-Baskin* – CR22-189 JHC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970